UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD STEPHEN WARGO,

                              Plaintiff,

        v.                                                      **DECISION AND ORDER**
                                                                11-CV-1100S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

        1.      On December 26, 2012, upon stipulation of the parties, this Court remanded the present case to the Commissioner of Social Security for reconsideration of Plaintiff Ronald Stephen Wargo's claim.  The parties so stipulated because, during the pendency of this action, Plaintiff filed a new claim for Title II disability benefits at the administrative level, resulting in a fully favorable decision issued on October 18, 2012.

        2.      In accordance with this Court's Order, on July 24, 2013 the Appeals Council vacated the previous decisions and remanded the claim for further proceedings, including a new hearing.  On December 12, 2013, Administrative Law Judge Timothy McGuan heard the case and, on July 17, 2014, he issued a fully favorable decision for Plaintiff, finding him disabled beginning on December 21, 2006.  Plaintiff was awarded $124,854.00 in past-due benefits.  Plaintiff's counsel, Lewis L. Schwartz, now seeks attorney fees in the amount of $31,963.50, or 25% of the total award, as set out in the attorney-client petition agreement.[1]

---

[1] The parties also stipulated to, and this Court approved, an Equal Access to Justice Act (EAJA) award of $4,437.00. (Docket No. 26.) The attorney-client petition agreement acknowledges that when there is an award of attorney fees under both 42 U.S.C. § 406(b) and the EAJA, the attorney will refund to the claimant the amount of the smaller fee.  (Docket No. 28-3.)

3.       Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), provides

that, whenever a court renders a judgment favorable to a claimant who was represented

before it, the court may allow "a reasonable fee for such representation, not in excess of

25 percent of the total of the past-due benefits to which the claimant is entitled by

reason of such judgment."   That Section of the Act, as interpreted by the Supreme

Court, calls for a court to review contingent-fee arrangements "as an independent

check, to assure that they yield reasonable results in particular cases."   Gisbrecht v.

Barnhart, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002).   Courts

should not apply the lodestar method to calculate fees under Section 406(b), rather,

they should look first to the contingent-fee arrangement, then test it for reasonableness

based on the following factors:

> 1) whether the requested fee is out of line with the "character of the
> representation and the results the representation achieved;" 2) whether
> the attorney unreasonably delayed the proceedings in an attempt to
> increase the accumulation of benefits and thereby increase his own fee;
> and 3) whether "the benefits awarded are large in comparison to the
> amount of time counsel spent on the case," the so-called "windfall" factor.

Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535

U.S. at 808).   "If the benefits are large in comparison to the amount of time counsel

spent on the case, a downward adjustment is [ ] in order."   Gisbrecht, 535 U.S. at 808.

4.       In her objection to the motion for fees, the Commissioner does not argue

that the award of the requested fees would be inconsistent with the character of the

representation provided by Plaintiff's attorney.   Nor does she allege that counsel

unreasonably delayed the proceedings (he actually seems to have materially expedited

them).   The Commissioner contends only that the award would be unreasonable

because it would result in a payment of more than $1000/hour, and therefore would constitute a windfall.[2]

5.     When determining whether an award is a windfall, factors to consider include:  "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Joslyn, 389 F. Supp. 2d at 457 (citing Boyd v. Barnhart, No. 97 CV 7273, 2002 WL 32096590, *2 (E.D.N.Y. Oct. 24, 2002)).     "Additionally, when conducting a reasonableness analysis, courts may take into account the amount of time and effort the attorney expended at the administrative level."  Id. (citing Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005)).   Finally, if an award for attorney's fees is ordered both pursuant to the EAJA and pursuant to 42 U.S.C. § 406(b)(1), the lesser of the two awards must be returned to the claimant. Gisbrecht, 535 U.S. at 796.

6.     Mr. Schwartz's efforts in the present case were successful to the Plaintiff: they resulted in an award of benefits after he had been denied twice previously.  Mr. Schwartz utilized his skills to sift through a 600-page record and find fact-based, non-boilerplate arguments in support of Plaintiff's claim.   Moreover, and perhaps most relevant here, Mr. Schwartz's strategy and skill resulted in an efficient resolution of this case. By receiving a favorable judgment at the administrative level during the pendency of this action, counsel acted efficiently and saved judicial resources. "The more efficient

---

[2] After subtracting the $4,437.00 EAJA fee, which Mr. Schwartz intends to refund to Plaintiff, the total attorney's fees for the case will be $27,526.50.  This amounts to $1,054.66/ hour for 26.1 hours of work.

the attorney, the fewer hours he will spend on a task, thus increasing the hourly rate if he invokes his contingency agreement. . . .   [T]o reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, rather than rewarding it."  Torres v. Colvin, No. 11 CIV. 5309 JGK, 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014).    Finally, Mr. Schwartz also spent significant time on this matter at the administrative level.  Although he spent only 26.1 hours on service rendered before this Court, he spent another 33.5 hours at administrative court level having the matter heard again while this case was pending.

Although the award may seem large in light of the time spent, this Court concludes that it is not a windfall because of the unique challenges this case presented and the nature of the representation.  Thus, keeping in mind the deference owed to the agreement between the attorney and the Plaintiff, Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990), the interest in assuring that attorneys continue to represent clients such as the Plaintiff, Gisbrecht, 535 U.S. at 805, and the lack of any factor indicating that the requested award would result in a windfall to Mr. Schwartz, this Court concludes that the requested attorney's fees are reasonable and should therefore be awarded.  See Boyd, 2002 WL 32096590, at *2 (finding no windfall where award was approximately $1,186.47 per hour after subtracting EAJA award); Torres, 2014 WL 909765, at *1 (approving payment of fees at $1000/hour).

IT HEREBY IS ORDERED, that the application for attorney fees (Docket No. 28) is GRANTED.  Counsel is entitled to attorney fees in the amount of $31,963.50.

FURTHER, that Counsel is directed to refund the Equal Access to Justice Act award to Wargo.

SO ORDERED.

Dated:  February 29, 2016
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge